_____ FILED       _____ ENTERED
_____ LODGED    _____ RECEIVED

**NOV 1 4 2018**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

           Plaintiff,

        v.

CRAIG LORCH and JEFFREY ZIRKLE,

           Defendants.

NO. **CR18-277 RAJ**

**INFORMATION**

The United States Attorney charges that:

## COUNT 1
### (Conspiracy)

**A.    Background**

At all times relevant to the Information:

1.    Defendants CRAIG LORCH and JEFFREY ZIRKLE were the owners and Chief Executive Officers of Total Reclaim, Inc. ("Total Reclaim"), a Seattle-based corporation with operations in Washington, Oregon and Alaska.  Total Reclaim is the Northwest's largest processor and recycler of electronic consumer waste such as computers, monitors, and printers.

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 1

2.      Total Reclaim's customers included large public and private entities, including the City of Seattle, the University of Washington, and various waste management companies.  These customers paid Total Reclaim millions of dollars to recycle electronic consumer waste.

3.      Total Reclaim's largest customer was the Washington Materials Management and Financing Authority ("WMMFA").  WMMFA is a quasi-public entity financed by the electronics industry that funds the responsible disposal of consumer electronic waste in Washington.  WMMFA, in conjunction with Washington Department of Ecology ("Washington DOE"), operates the E-Cycle Washington program.  The purpose of E-Cycle Washington is to ensure that comsumer electronics are recycled in a safe and environmentally sound manner.  Under E-Cycle Washington, consumers can deposit used electronics products (such as computers or televisions) at designated disposal sites (such as Goodwill Industries drop-off centers) free of charge.  WMMFA then pays processors like Total Reclaim to transport and dispose of these products in accordance with DOE regulations.  Between 2009 and 2015, Total Reclaim was the largest processor of E-Cycle Washington material.

4.      Some electronic waste contains hazardous materials.  If hazardous electronic waste is mishandled, it can expose workers and others to serious health risks.  These risks can be particularly acute in developing ("non-OECD") countries, where workers sometimes disassemble electronic devices without using proper safety equipment or procedures, thereby risking exposing themselves and the environment to the hazardous materials.

5.      One hazardous material found in electronic waste is mercury.  Mercury exists in fluorescent lamps, including cold cathode fluorescent lamps ("CCFLs") in liquid crystal display ("LCD," or "flat screen") monitors.  Exposure to mercury can cause organ damage, nerve damage, mental impairment, and other adverse health consequences.

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 2

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.    Because of the dangers associated with electronics recycling, many entities seeking recycling services, including many of Total Reclaim's customers, engage only processors that follow responsible recycling protocols, including a ban on the export of hazardous materials to non-OECD countries.

**B.    Total Reclaim's Representations to Customers**

7.    To attract and retain customers, LORCH and ZIRKLE promoted Total Reclaim as a responsible electronics recycler, and specifically represented that Total Reclaim did not export hazardous waste to non-OECD countries.  Total Reclaim marketing materials characterized Total Reclaim as a provider of "responsible recycling solutions" and claimed that "our commitment to environmental responsibility is at the core of everything Total Reclaim does."

8.    In February 2003, LORCH, on behalf of Total Reclaim, signed the Electronics Recycler's Pledge of True Stewardship, in which LORCH promised that Total Reclaim would follow certain best recycling practices, including that "we will not allow the export of hazardous E-waste we handle to be exported from developed to developing countries either directly or through intermediaries."  Throughout the offense period, LORCH and ZIRKLE advertised the fact that Total Reclaim complied with this Pledge.

9.    LORCH and ZIRKLE also published on Total Reclaim's website an Environmental Health and Safety Policy Statement stating that Total Reclaim "prohibits the export of hazardous electronic waste throughout the Recycling Chain which violates the Basel Amendments."  The Basel Amendments are a set of international protocols that prohibit the export of hazardous electronic waste to non-OECD countries.  LORCH and ZIRKLE made these representations by means of interstate wire transmissions.

10.    LORCH and ZIRKLE also promoted the fact that Total Reclaim was certified as an "E-Steward."  The E-Stewards certification program is administered by a Seattle-based non-profit organization known as the Basel Action Network ("BAN").  The

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 3

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  purpose of BAN and the E-Stewards program is to promote responsible electronics
2  recycling practices, including preventing the shipment of hazardous materials to non-
3  OECD countries.  To obtain the E-Stewards certification, a company must agree to meet
4  certain standards, and must undergo an annual audit of its compliance with those
5  standards.  One E-Stewards requirement is that the recycler may not directly or indirectly
6  cause the export of hazardous electronic waste, including mercury-containing devices, to
7  non-OECD countries.  LORCH and ZIRKLE promoted Total Reclaim's adherence to E-
8  Stewards standards by means of interstate wire transmissions, such as website
9  transmissions and emails with customers.

10          11.     Similarly, LORCH and ZIRKLE also claimed Total Reclaim complied with
11  the Washington Department of Ecology's ("DOE") Preferred Processor Standards, which
12  require processors such as Total Reclaim to remove and responsibly dispose of all
13  hazardous materials destined for recycling.  Total Reclaim submitted to an annual audit to
14  demonstrate that it observed the Preferred Processor Standards.

15          12.     Most of Total Reclaim's service agreements with its customers prohibited
16  Total Reclaim from exporting hazardous materials, including mercury-containing
17  products, to non-OECD countries.  For example, under its service agreement with
18  WMMFA, Total Reclaim agreed to comply with DOE's Preferred Performance
19  Standards.  Total Reclaim's service agreements with most of its remaining customers
20  either (a) explicitly prohibited Total Reclaim from exporting mercury-containing
21  products to developing countries; (b) required Total Reclaim to maintain the E-Stewards
22  certification (which prohibits the export of mercury-containing products to non-OECD
23  countries); or (c) required Total Reclaim to disclose the export of any materials of
24  concern to non-OECD countries.

25  **C.      The Export of LCDs to Hong Kong**
26          13.     In or around 2008, customers began providing Total Reclaim with LCD
27  monitors to process in accordance with their service agreements.  LORCH and ZIRKLE

28
United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 4

1  knew that LCD monitors contain mercury.  LORCH and ZIRKLE also knew that Total

2  Reclaim lacked the capacity to safely process the LCDs in the volume it had agreed to

3  process, and that hiring a domestic company to do so would entail substantial expense.

4  To avoid that expense, LORCH and ZIRKLE agreed to sell the LCD monitors to a third–

5  party exporter called M-Stream, knowing that M-Stream would export the LCDs to Hong

6  Kong.  By doing so, Total Reclaim avoided the cost of safely processing LCDs, as it had

7  promised to do, and instead collected revenue from M-Stream for the LCDs in addition to

8  the money Total Reclaim had already received from its customers.

9      14.    Between 2008 and January 2016, Total Reclaim sold M-Stream over eight

10  million pounds of LCDs, which M-Stream then shipped to Hong Kong in approximately

11  400 shipping containers.  Total Reclaim's customers paid Total Reclaim at least

12  $1,182,113 to process these LCDs.  In addition, M-Stream paid Total Reclaim at least

13  $1,032,215 for the LCDs.  The payments to Total Reclaim were facilitated and made by

14  means of interstate wire transmissions.

15      15.    When the LCDs reached Hong Kong, they were transported to outdoor

16  processing centers, where mainland Chinese laborers dismantled the monitors through a

17  primitive process that involved opening mercury-containing LCDs, smashing them apart,

18  and throwing the aluminum, plastic and circuitry into different piles or containers.  No

19  precautions were taken with these mercury-laden tubes, resulting in the release of

20  mercury into the workplace and broader ecosystem.

21      16.    LORCH and ZIRKLE knew that Total Reclaim's arrangement with M-

22  Stream was contrary to its representations to customers, and constituted a significant

23  violation of the E-Steward and DOE Preferred Processor standards.  LORCH and

24  ZIRKLE knew that customers would not pay Total Reclaim to process their waste if the

25  customers learned Total Reclaim was causing hazardous materials to be exported to Hong

26  Kong.

27

28

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 5

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**D.    The Conspiracy**

17.    Beginning at a time unknown, but no later than February 2008, and continuing until at least May 3, 2016, at Seattle, within the Western District of Washington, and elsewhere, CRAIG LORCH and JEFF ZIRKLE, together with others known and unknown, did conspire, confederate and agree, together and with each other, to commit the offense of wire fraud in violation of Title 18, United States Code, Section 1343. Specifically, CRAIG LORCH and JEFF ZIRKLE, together with others known and unknown, with intent to defraud, knowingly devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. To execute and attempt to execute the scheme and artifice to defraud, CRAIG LORCH and JEFF ZIRKLE knowingly transmitted and caused to be transmitted by wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

18.    The object of the conspiracy was to entice customers to pay Total Reclaim fees to recycle electronic waste, including LCD monitors, by falsely representing that Total Reclaim would dispose of the LCD monitors, including mercury-containing devices within those monitors, domestically and in accordance with responsible recycling practices. Defendants concealed the fact that Total Reclaim intended to sell, and did sell, the LCD monitors to a third party for export to Hong Kong where, as defendants knew, the monitors were dismantled in a manner that caused substantial risks to worker safety and the environment.

**E.    Manner and Means**

The defendants and their co-conspirators acted in the following manner, and used the following means, to effect the conspiracy:

19.    To conceal the fact that Total Reclaim was not processing LCD monitors, and instead was stockpiling them for shipment to Hong Kong, LORCH and ZIRKLE directed Total Reclaim employees to hide the stockpiled LCDs at an off-site facility on

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 6

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Harbor Island, Washington, away from Total Reclaim's Seattle headquarters, until the

2  LCDs were shipped to Hong Kong.  LORCH and ZIRKLE did not disclose the existence

3  of the Harbor Island facility to Total Reclaim's auditors or customers.

4       20.    LORCH and ZIRKLE provided false information and falsified documents

5  to deceive auditors evaluating Total Reclaim's compliance with the E-Stewards and DOE

6  Preferred Processor Standards.  For example, Total Reclaim regularly prepared

7  documents known as "end destination tables," which are intended to disclose the final

8  destination of each type of material Total Reclaim processed.  LORCH and ZIRKLE

9  represented on the end destination tables that all mercury-containing products were

10  disposed of domestically, knowing that, in fact, mercury-containing LCDs were being

11  exported to Hong Kong.

12       21.    LORCH and ZIRKLE provided false information and falsified documents

13  to customers.  For example, LORCH and ZIRKLE provided falsified annual reports to

14  WMMFA on which they represented that Total Reclaim was not exporting any material

15  to non-OECD countries.

16       22.    In December 2015, representatives of BAN discovered evidence that Total

17  Reclaim had exported LCDs to Hong Kong.  When confronted with this evidence,

18  LORCH and ZIRKLE falsely denied that Total Reclaim-processed LCDs were being

19  shipped to Hong Kong.  To persuade the BAN representatives that Total Reclaim was not

20  exporting LCDs, LORCH and ZIRKLE falsified hundreds of shipping documents, and

21  persuaded M-Stream's principal to falsify additional documents.  LORCH and ZIRKLE

22  then provided some of the falsified documents to BAN.  When BAN was not persuaded

23  by the falsified documents and made its findings public, LORCH and ZIRKLE

24  represented to BAN and the public that its practice of exporting LCDs was a "short term

25  business decision," when in fact the practice had been ongoing for approximately eight

26  years.

27

28

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 7

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**F.    Overt Acts**

23.    In furtherance of the conspiracy, and to effect its object, within the Western District of Washington and elsewhere, CRAIG LORCH and JEFF ZIRKLE, together with other individuals, committed and caused to be committed, among others, the following overt acts, which are representative of the various overt acts undertaken in furtherance of the fraud:

a.    On or about February 11, 2014, CRAIG LORCH caused the transmission of an interstate wire transmission, specifically an email to J.F. of WMMFA, which was transmitted from Seattle through a server in Burlington, Massachusetts, in which LORCH verified the accuracy of an end destination table that falsely stated that the end of life destination for Total Reclaim-processed mercury devices was in the United States;

b.    On or about February 27, 2015, CRAIG LORCH caused the transmission of an interstate wire transmission, specifically an email to D.H. of Reverse Logistics Group, from Washington to California, in which CRAIG LORCH stated that Total Reclaim was "E-Stewards Certified"; and

c.    On or about January 25, 2016, CRAIG LORCH caused the transmission of a foreign wire transmission, specifically an email to J.L. of M-Stream, which was transmitted from Seattle through a server in London, England, in which LORCH requested that J.L. falsify a packing list to make it appear that an M-Stream shipment to Hong Kong contained "mixed plastic scrap," when in fact, as LORCH and

//

//

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 8

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  ZIRKLE knew, the shipment contained LCD monitors.

2          All in violation of Title 18, United States Code, Section 371.

3

4  _____

5  ANNETTE L. HAYES
   United States Attorney
6

7  _____

8  ANDREW FRIEDMAN
   Assistant United States Attorney
9

10 _____

11 SETH WILKINSON

12 Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States v. CRAIG LORCH and JEFF ZIRKLE
Information - 9